## Punxsutawney Borough, Appellant, v. Nordstrom.

*Road law—Lien for paving—Filing of lien—Time—State highway department—Evidence—Acts of April 27, 1909, P. L. 194, and May 31, 19 1, P. L. 468.*

The right of a borough to impose an assessment upon abutting property in order to reimburse it for the amount which it has paid as its share of the cost of paving a street by the State highway department under the provisions of the Act of May 31, 1911, P. L. 468, is doubtful, but even if the assessment were legal it cannot be enforced if the claim for it is filed more than six months after the completion of the improvement.

In such a case the lien is not saved by evidence of a ledger entry made in the State highway department purporting to show that the improvement was completed within six months prior to the filing of the lien. Such ledger entry is not the equivalent of the certificate of a municipal officer as provided by the Act of April 27, 1909, P. L. 194, and will not prevent the abutting owner from showing in the absence of such certificate, that the lien was filed more than six months after the completion of the improvement.

Argued May 4, 1915. Appeal, No. 161, April T., 1915 by plaintiff, from judgment of C. P. Jefferson Co., Aug T., 1914, No. 283, for defendant on case tried by the cour without a jury in suit of Punxsutawney Borough v. Mary A. Nordstrom. Before Rice, P. J., Orlady, Head Porter, Henderson, Kephart and Trexler, JJ. Affirmed.

Scire facias sur municipal lien.

The case was tried by the court without a jury.

Reed, P. J., filed the following opinion:

"It appears from the uncontradicted evidence that the improvement was completed in November, 1913, when the

last work upon it was done, and this lien was not filed until June 20, 1914, or more than six. months after the work was completed. The plaintiff offered in evidence a certified copy of the State highway department's ledger account of the work, costs, etc., of this improvement. In this certified copy there appears, inter alia, the following statement: 'Work to be completed July 1, 1913'; 'Work completed December 22, 1913.' Counsel for the plaintiff rely on this certified copy of the State highway department's ledger account as fixing the date when this improvement was completed, and contended that this certificate is conclusive on that question. The date stated in this account, December 22, 1913, as the date when the improvement was completed, is at variance with all the testimony on the question of when the improvement was in fact completed, namely, November 18, 1913. Mr. H. W. Claybaugh, called by the defendant, testified that he was the State engineer in charge of this improvement, and that it was completed about the middle of November, 1913. On cross-examination he was asked this question: 'How do you know that the work was completed in the middle of November, 1913, instead of the 22d of December, 1913, as stated upon that certificate?' Answer: 'That certificate does not state, does it, that this road was completed on December 22d? That was the date when I made out my final estimate, and not the date when it was finally completed.' This certificate does not purport to be a certificate of the time of the completion of the improvement. It does not so appear on its face, and, according to Mr. Claybaugh's testimony, was not so intended, in fact. It does not come within the purview of Section 10 of the Act of June 4, 1901, P. L. 364, wherein it is provided: 'The certificate of the surveyor, engineer, or other officer supervising the improvement filed in the proper office being conclusive of the time of completion thereof, but he being personally liable to any one injured by any false statement therein.' The Act of 1901 refers to municipal improvements where-

in the municipality and the property owner alone are concerned. It has no application to certified copies made by the State highway department of its books of account. But if it had, this certified copy of its books of account was not 'filed in the proper office,' nor is it made by any one authorized by the act of assembly to make a certificate of the time of the completion of the improvement. In fact, it was never filed in any office, and never was intended to be filed as a certificate of completion of the improvement, as provided for in Section 10 of the Act of 1901. It is not a certificate made by the 'surveyor, engineer, or other officer superintending the improvement,' but purports to be made by an auditor of the State highway department, who in the discharge of his ordinary duties would have no personal knowledge of when the improvement was made. It is nothing more or less than a certified copy of a book account by one having no personal knowledge of the items composing that account, in which the statement incidentally appears that the work on this improvement was completed December 22, 1913, along with several pages of other memoranda concerning the improvement. Aside from this so-called certificate there is no question about when this improvement was in fact completed. Mr. Shearer, called by the defendant, testified that the brick work was finished November 4, 1913, and the street opened for traffic before the middle of the month. He states that the last day's work on it was November 18, 1913. Mr. McClelland, called by the defendant, testified that he inspected the improvement for the State highway department, and that the work was completed and the equipment and everything taken off by the 18th of November, 1913. There was no testimony offered in contradiction of the testimony offered by the defendant that the improvement was completed and the street opened to traffic more than six months prior to the filing of this lien. And it is therefore found as a fact that the liens in this case, and in case No. 283, August Term, 1914, the Borough of -

256 PUNXSUTAWNEY BORO., Appel., *v.* NORDSTROM.

Opinion of Court below—Opinion of the Court.[61 Pa. Superior Ct.

Punxsutawney v. Mary A. Nordstrom, were filed more than six months after the improvement was completed, and for this reason alone the actions thereon cannot be maintained.

"And now, January 19, 1915, on the sole ground that the lien in this case was not filed within six months after the completion of the improvement, judgment is directed to be entered in favor of the defendant and against the plaintiff for costs, but without prejudice to the plaintiff's right to assert any claim it may have against the defendant in any other form of proceeding authorized by law."

*Error assigned* was the judgment of the court.

*W. M. Gillespie,* for appellant.—The record of the highway department was conclusive: Northumberland County v. Zimmerman, 75 Pa. 26; Struthers v. Reese, 4 Pa. 129; Dikeman v. Parrish, 6 Pa. 210; Southwark Bank v. Com., 26 Pa. 446; McMicken v. Com., 58 Pa. 213; Patten v. Miller, 13 S. & R. 254; Graham v. Smith, 25 Pa. 323; Carmony v. Hoover, 5 Pa. 305; Whitehead v. North H. School Dist., 145 Pa. 418; Otto v. Trump, 115 Pa. 425; Goodbread v. Philadelphia, Etc., Turnpike Co., 13 Pa. Superior Ct. 82; Philadelphia v. Street, 41 Pa. Superior Ct. 503.

*H. C. Campbell,* with him *J. C. Long* and *A. B. Stewart,* for appellee, cited: Wingert v. Teitrick, 31 Pa. Superior Ct. 187; Carpenter v. Yeagdon Borough, 208 Pa. 396.

OPINION BY PORTER, J., July 21, 1915:

The Borough of Punxsutawney entered into a contract dated September 18, 1912, with the State of Pennsylvania, acting through the State highway department, and the County of Jefferson, under the provisions of which the cartway of Indiana street, in said borough, was to be graded and paved with brick to the width of

sixteen feet, the work to be done by the State highway department, fifty per cent. of the cost of the improvement to be paid by the State, twenty-five per cent. by the borough and twenty-five per cent. by the County of Jefferson, as provided by the Act of May 31, 1911, P. L. 468: The borough authorities deemed the paving of the street for a width of sixteen feet only to be inadequate and entered into a separate contract, with the same parties who had secured from the State highway department the contract to do the part of the work undertaken by that department, under the provisions of which additional contract a part of the street was to be paved for an additional width of nine feet and the remainder of it an additional width of four feet, thus making the entire width of the pavement in one part of the street twenty-five feet and in the remainder of the street twenty feet, for these additions to the width of the pavement the borough assuming the payment of the entire cost. The work provided for by these contracts having been completed the borough caused the property abutting on the street to be assessed, in accordance with the foot-front rule, for two-thirds of the aggregate of the amounts which it had paid to the State highway department for its share of the improvement made by that department and to the contractors for the additional width of paving which the borough had undertaken upon its own responsibility. The property of the appellee was one of those so assessed, and the appellee having failed to pay that assessment, the borough on June 20, 1914, filed a lien against her property. This action of scire facias was issued upon that lien and the defendant having filed an affidavit of defense, the parties entered into an agreement for the submission of the case to the decision of the court, under evidence to be presented, and dispensed with a trial by jury, under the provisions of the Act of April 22, 1874, P. L. 109. The learned judge of the court below found as a fact that the work upon the improvement was completed on November 18, 1913, and that the lien was filed

more than six months after the improvement was completed, and for that reason entered judgment in favor of the defendant. The borough appeals from that judgment.

When a borough seeks to impose upon abutting property a local assessment for supposed benefits resulting from an improvement, according to the foot-front rule, it must be prepared to show express statutory authority for such assessment, and that it has proceeded according to the provisions of the statutes which confer the power. The right of a borough to impose an assessment upon abutting property in order to reimburse it for the amount which it has paid as its share of the cost of an improvement made by the State highway department, under the provisions of the Act of May 31, 1911, P. L. 468, is at least doubtful, but that question we do not now decide, for the reason that, even if the borough had the right to be so reimbursed, the lien was not filed in time. The assessment in this case was made by the borough after the completion of the improvement, and it was therefore essential that the claim be filed in the Court of Common Pleas "within six months after the completion of the improvement"; the failure to file it within that time involves the loss of the claim: Act of June 4, 1901, P. L. 364, as amended by the Act of April 27, 1909, P. L. 194. We have carefully examined the evidence in this case and are satisfied that it was not only sufficient to sustain the finding of the learned judge of the court below, but that it was so overwhelming that any other conclusion would have been clearly erroneous. The appellant seeks to invoke the protection of that clause in Section 10 of the act last above referred to which is in these words: "The certificate of the surveyor, engineer, or other officer supervising the improvement, filed in the proper office, being conclusive evidence of the time of completion thereof, but he being personally liable to anyone injured by any false statement therein." This clause imposes a duty upon the surveyor, engineer, or other

supervising officer of the municipality, and it at the same time fixes upon him a personal responsibility for his action. It refers only to the officers of the municipality which undertakes to make a municipal improvement. We find nothing in the Act of May 31, 1911, P. L. 468, which requires the State highway commissioner or any surveyor or engineer of his department to file in any office a certificate stating the day upon which any State highway was completed. The State highway commissioner is required to certify the cost of the improvement, which shall be audited by the auditor general, and when audited and allowed shall be paid out of moneys specifically appropriated for this purpose, by warrants drawn therefor by the auditor general upon the State treasurer. The State highway commissioner is authorized to certify, from time to time, during the performance of the work on the contract, or as provided by the contract, and, otherwise by the provisions hereof, after the work shall be completed, the amount which the county, township or borough, which are parties to the contract, shall be required to pay. There is nothing in the act which would warrant us in holding that he is required to file a certificate in any office stating when the work was completed.

The copy of the ledger account, covering the construction of the road in question, certified by one of the auditors in the State highway department—offered in evidence by plaintiff—did not show, nor did it purport to show, that any surveyor, engineer or other officer "supervising the improvement," had filed any certificate stating when the work was completed. Now as to the part of the work for which the borough assumed responsibility and for the performance of which it entered into a distinct and separate contract, provided for an additional width of pavement, the contract provided that this additional work should be subject to the supervision of the borough engineer, yet neither that officer nor any other officer exercising supervision over the work done

for the borough filed any certificate as to when the work was completed, so far as disclosed by the evidence in this case. The engineer of the borough was called as a witness upon the part of the plaintiff, yet counsel for the borough did not ask him when the improvement was completed, nor attempt to draw from him any explanation of his failure to file a certificate. The borough having failed to show that any officer supervising the work had filed a certificate of the character contemplated by the Act of 1909, which certificate would have rendered the officer filing it liable to any party injured by a false certification, the clause of the statute which the appellant seeks to invoke has no application in this case. It was, therefore, entirely proper for the court below to admit evidence as to the time when the improvement was actually completed, and the evidence so admitted clearly established that the lien had not been filed in time. The specifications of error are overruled.

The judgment is affirmed.